NONES, PLAINTIFF AND APPELLANT, *v.* HEIRS OF SERRALLÉS,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for
Damages.—Motion to Open Default and Set Aside Judg-
ment.

No. 2411.—Decided July 22, 1921.

DAMAGES—DEFAULT JUDGMENT—OPENING DEFAULT—DEFECTIVE AFFIDAVIT.—The
mere fact that the affidavits of merits filed by the defendant in support of
a motion to open the default are defective is not a sufficient reason for
reversing the judgment setting aside the default judgment and reopening
the case.

ID.—ID.—ID.—On the facts set forth in the opinion in this case the Supreme
Court held that the technical defect, if such, of moving to set aside the
judgment after the close of the term in which the default was entered, or
in failing to justify expressly the delay in doing so, is not sufficiently meri-
torious for a reversal of the judgment which opened the default.

ID.—ID.—ID.—DISCRETION OF COURT.—Unless a clear abuse of discretion is shown,
an order setting aside or refusing to set aside a default judgment will not
be reversed on appeal.

The facts are stated in the opinion.
*Messrs. J.* and *A. Poventud* for the appellant.
*Messrs. F. Parra* and *J. Tous Soto* for the appellees.
MR. JUSTICE HUTCHISON delivered the opinion of the court.

Adolfo Nones appeals from an order setting aside a judg-
ment by default and reopening a case.

The facts and the reasons for the ruling below are well
stated by the district judge, thus:

"This suit was initiated by a verified complaint on June 18,
1920, on which date the defendant was summoned. On the 26th
of June an extension of five days counting from the 28th was granted
to the defendant to answer or plead according to law. It appears
from the record that subsequently a demurrer was filed and set for
hearing on July 12th and that on the said date the defendant with-
drew the demurrer, the court allowing ten days within which to
answer the complaint. On November 26, 1920, the plaintiff asked
and obtained an entry of the defendant's default on the ground
that more than the legal period had elapsed since the last extension
asked for without the filing of any pleading by the defendant and
under section 194, paragraph 1, of the Code of Civil Procedure the

clerk noted the default and forthwith a judgment by default was entered against the defendant, the said defendant being adjudged to pay to the plaintiff the sum of $25,000 claimed in the complaint for damages and legal interests on the said sum from the time of the filing of the complaint until its complete satisfaction. On December 15th the defendant presented a motion to set aside the judgment and open the default, which was subsequently substituted for another by leave of the plaintiff. The motion of the defendant was accompanied by a copy of the verified answer to the complaint and is also offered for the purposes of an affidavit of merits. The motion referred to is sworn to by counsel for the defendant and alleges in substance that subsequent to the term within which any pleading was allowed by the court, counsel for the parties in this suit agreed, in view of a trip that counsel for the plaintiff was planning to make to the United States and which he really made, and inasmuch as the filing of the answer was not urgent and really there was no hurry in having the case prepared, and because the defendant would file the answer upon the return of the plaintiff's counsel from the United States; that immediately after the return of the said counsel to Porto Rico and about the 16th or 17th of November last counsel for the defendant called on him and as a result of the conference came to the conclusion that plaintiff's counsel admitted that defendant was entitled to file the answer on any of the days of that or the following week; that counsel for the defendant, acting on this assumption, was notified that judgment by default had been rendered in the district court against the defendant on the 26th of November, or within the term that he considered was permissible under the stipulation to file his answer; that according to information of the undersigned attorney the aforesaid default was entered not with the object of enforcing the same, but solely for the purpose of hastening the filing of the answer; that the said judgment is null and void, inasmuch as it was entered by the clerk of the district court when the court was not in session nor duly constituted, as no judge had been appointed therefor, neither with any fixed period nor temporarily; that even if the court deemed, in view of the facts recited in No. 1 of this motion, that the default should not be opened, the judgment is null and void, inasmuch as it was entered by the clerk of this court in excess of the authority given to him by section 194 of the Code of Civil Procedure, since damages are sought to be recovered in this suit for breach of a contract, and that in a case

like this when default is entered the suit must be heard by the court for the liquidation of the damages. At the request of the petitioner the court set the 23rd instant for the hearing of the same, the parties having appeared represented by their respective attorneys. The plaintiff filed a sworn objection to the motion and several affidavits. From a careful examination of the defendant's motion and of the affidavits of the plaintiff it appears that from the last extension granted the defendant by the court, counsel for the parties made extrajudicial agreements with regard to extensions which ended by a protest on the part of the plaintiff who insisted with his attorney so that entry of default of defendant should be made and that no more extensions should be granted them to file an answer, and that in spite of that counsel for the plaintiff and as a favor to counsel for the defendant granted him several extensions which lasted until the month of October, 1920, when counsel for the plaintiff being under the necessity of making a trip to the United States both counsel agreed that the defendant's counsel would have the right to file his answer during the time of the absence of the plaintiff's attorney. Upon the return of the latter counsel for the defendant called on him in his office where they had a conference and agreed that counsel for the defendant should have another extension within which to file the answer. Down to this both counsel are in accord. The discrepancy arises by reason of the term of the last extension, counsel for defendant alleging that from the conference he concluded that the defendant was entitled to file the answer on any of the days of the week when they held the conference or of the week following, and therefore that the 26th when default was entered and the judgment rendered was included in the opinion of the counsel within the extension finally granted him. On the other hand counsel for plaintiff, contends that the said extension was granted until November 20th, and therefore that the default entered and the judgment rendered were not included in the term of the extension. The complaint is for damages for breach of a contract which, according to the defendant's allegation on information and belief was entered into with Louis Falley, giving him an option which was to last until the 9th of April, 1920, at 9 a. m., for the purchase of five thousand sacks of sugar of 125 pounds each, of Central Mercedita, property of the defendant, at the price of $15 per hundredweight, f. o. b. Ponce, for shipment and delivery on or before the 30th of April, 1920, the said price to be paid with the delivery of the papers concerning the shipment by the defendant which was to be guaranteed

in the aforesaid sum by a bank. The plaintiff alleges that on April 8th, 1920, plaintiff Louis Falley transferred the option or offer through Rafael Collazo, an agent and commission merchant of Ponce, to the plaintiff, Adolfo Nones, for the price of $15.50 per hundred-weight, and on the same day April 8, 1920, the plaintiff and before the expiration of the said offer accepted and communicated the option for the said offer to the defendant by attorney in fact Giles, also informing it that the Commercial Bank of Porto Rico had agreed to guarantee the said price as fixed by the defendant; who then alleged through Giles that the said option had expired and there-fore it refused to comply with the contract, and the fact being that the said offer did not expire until the next day, the 9th of April, 1920, at 9 a. m. That defendant has not complied and still refuses to make delivery for the plaintiff of the five thousand sacks of sugar notwithstanding the demands made by plaintiff. That plaintiff has complied and is ready to comply with this obligation under the said contract and the assignment, as well as his assignor, according to the information and belief of the plaintiff. According to informa-tion and belief of the plaintiff the market value of the sugar object of the aforesaid contract on and after the end of April, 1920, reached a price of $20 per hundredweight, which is a sum greater than $25,000 over the price agreed in the contract of assignment for the plaintiff and which is the amount of the damages sustained by the plaintiff and due to the breach of the contract by the defendant who sold the sugar at a price greater than $20 per hundredweight. The complaint concludes by praying for a judgment in favor of the plaintiff and against the defendant, and that the latter be ad-judged to pay to the former the sum of $25,000 with legal interest. In its verified answer the defendant denies the existence of the con-tract alleged in the complaint as agreed between the defendant and Louis Falley, and alleges in defense the existence of a contract made between Mauricio Falley, as agent in Porto Rico of The Maxim Chemical Company, of New York, and by virtue of which the de-fendant quoted prices of sugar at $13.50 per hundredweight f. o. b. Ponce and allowed the plaintiff until March 31 to accept the said offer, it being a special condition that the money would be deposited at the same time by the purchasers in the Royal Bank of Canada of Ponce; that this sale of five thousand sacks of sugar was ratified by a telegram from Mauricio Falley of March 31, 1920, affirming also that a credit in favor of the defendant had been opened in ac-cordance with the agreement. On April 1, 1920, or on the next day,

the Royal Bank of Canada of Ponce denied that any such credit was opened in favor of the defendant. The defendant proceeds with a statement of various acts tending to show that the purchaser of the sugar, The Maxim Chemical Company, through its agent Mauricio Falley and subsequently through Louis Falley as agent for his brother Mauricio, asked and obtained several extensions so that he could remit the required funds for the payment of the sugar and that the said funds not having been received until April 9, 1920, at 9 a. m., the defendant rescinded the transaction. The defendant denies that the purchasing firm or The Maxim Chemical Company made any assignment of its rights to the plaintiff in the said transaction or that the said defendant had ever made any assignment to Louis Falley of the right to purchase the sugar from the defendant, or that the said Louis Falley at any time had made any formal assignment to the plaintiff of any alleged right to purchase sugar of the defendant. The defendant denies other facts and concludes by asserting that the defendant sold the sugar agreed with the Maxim Chemical Company at $18 and not $20. The elements we have at hand in order to decide whether the requirements and circumstances provided in section 140 of the Code of Civil Procedure have been shown to grant the relief sought by the defendant are the sworn statements, the complaint and the answer which have been quoted in substance. Our Supreme Court in the cases of *Gutiérrez* v. *Foix,* 23 P. R. R. 68, and *Fernández* v. *Pescay et al.,* 26 P. R. R. 735, states the liberal criterion with which the aforesaid section should be construed, as follows: 'This is a remedial provision, and under the terms of section 4 of the same code, which require it to be liberally construed with a view to effect its objects and promote justice, is observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure. The discretion of the court ought always to be exercised in conformity with the spirit of the law and in such manner as will subserve rather than impede or defeat the ends of justice, regarding mere technicalities as obstacles to be avoided rather than as principles to which effect is to be given in derogation of substantial right.' There is no doubt that this section, however ample be the liberality with which it should be construed, does not sanction in any form the gross or inexcusable laches or negligence of a party who by his acts shows no interest in an action he may have pending in a court of justice. But following the above doctrine, the section tends to excuse a mistake, inadvertence, surprise or excusable negligence of

a litigant, if any of these elements appear, under legal technicisms, in order that substantial justice be done on the merits and on the equitable and legal merits involved in the action. In this motion counsel for defendant alleges that if the last extension granted him by the plaintiff's attorney expired, this was due to an error on his part as to the period covered by the same. The undersigned judge has known for a long time the attorneys in this case. Both are citizens of prestige and of irreproachable reputations as upright and credible counsel, trustworthy and of unimpeachable integrity in the exercise of their profession. Therefore we are not concerned with the matter as to who has told the truth as to the last agreement for an extension, inasmuch as the truth is partly on both sides and the facts as shown are not incompatible with the statement made by plaintiff's attorney nor with that of the defendant. Both assert that the agreement was made between them, although counsel for defendant says that he acted in the belief that the time granted was greater than that referred to by counsel for the plaintiff. An error or misunderstanding on the part of defendant's counsel does not necessarily mean that both attorneys may not be right. The extension may have been granted as stated by counsel for the plaintiff, but not having been made in writing and agreed to in a conversation between them, it is nothing unusual or contrary to the truth that counsel for the defendant erroneously thought that counsel for the plaintiff was willing to grant him a longer period within which to file the answer to the complaint. It is true that this stipulation was not made in writing, as required by the rules of this court and section 9 of the law of 1906. Under the circumstances the court should not consider the real terms of the agreement, since neither the fulfilment nor the enforcement of the said agreement is sought by any of the parties. The parties, as we have said, are in accord as to the existence of the said agreement and the only question for the court to decide under the prayer of the motion is whether the attorney for the defendant acted under a reasonable mistake as to the filing of the answer to the complaint. He states under oath that he arrived at the conclusion that the time granted was longer, and while counsel for the plaintiff alleges that the time granted was expressly fixed until November 20th, the sworn statement of counsel for the defendant, considering the favorable disposition of counsel for the plaintiff who had previously granted the defendant several extensions by verbal agreements, incline us to the belief that counsel for the defendant could reasonably have suffered a mistake in think-

ing that the said extension was for a longer time and that the opposite party would not require an entry of his default. It is not the first time that mistakes like this have occurred by reason of verbal agreements of attorneys, and our Supreme Court has rendered judgments ordering the opening of defaults where as incidental to the question an attorney has acted under a misconception as to the real terms of a stipulation. *Gutiérrez* v. *Foix*, 23 P. R. R. 68; *Santana* v. *A. Gelabert, Ltd.*, 26 P. R. R. 173. This is a suit of importance by reason of the amount of the damages claimed and the nature of the action brought. In a good and correct administration of justice no judgment should be rendered affecting the property, liberty or any other interest of a citizen unless it is based on truth and the reality of the things in so far as the limited human understanding can ascertain the truth. In the present case the defendant denies the existence of the contract which is the source of the damages claimed. The amount of the said damages is also denied and the price for which the sugar was sold is also controverted. A judgment mechanically rendered without a consideration of the merits of the issues would not cast a party without being free from doubt that such judgment is based upon established facts and according to the dictates of justice. If according to the jurisprudence of our highest court discretion must always be exercised following the spirit of the law so that it serves to promote justice rather than to be an obstacle thereto, we deem that the discretion of the court in this case must be exercised in such a manner that the legal matters involved should be fully considered and under the utmost spirit of justice and guaranty for all concerned. If in this case and due to the conduct of counsel for defendant the proceedings herein were delayed to the prejudice of the plaintiff, the opinion of this court undoubtedly would be different, but it is a fact of judicial knowledge of the undersigned judge that from the month of July, 1920, up to this date this court was unable to hold terms in civil cases; first, due to the vacations of the incumbent, and then by reason of the leave of absence granted him and the filing of his resignation; that in the meantime only two substitute judges have presided over this court for a few days who dispatched all criminal and civil matters of urgent nature, most of them of voluntary jurisdiction, extraordinary remedies and others of similar nature, until the 21st of the present month when the undersigned assumed the duties of his office as judge. Therefore no prejudice has been caused to the plaintiff which might counterbalance those which the defendant might

suffer if he should not be allowed to defend himself in this suit. We are therefore of the opinion, after considering the mistake incurred by the defendant and that there are meritorious defences in his answer, and for the best compliance with the ends of justice, that the motion presented by the said attorney should be sustained and in consequence that the judgment entered by the clerk in this case on November 26, 1920, should be set aside and the default opened and the answer filed admitted and the case continued under the ordinary procedure.—Ponce, P. R.—December 24, 1920.—(Sd.) R. Rivera Zayas, District Judge."

Error is assigned as follows:

"1. The District Court of Ponce erred in not declaring insufficient the affidavits of the defendant-appellee in this case, one of them made by attorney for the defendant at the bottom of the motion to open the default, and the other by the agent of the defendant which appears at the bottom of the proposed answer, as well as in considering them as affidavits of merits.

"2. The court below erred in not considering the said motion to set aside the judgment by default rendered in this case as having been filed extemporaneously and as insufficient.

"3. The court below erred in considering that there was excusable negligence or sufficient reason to set aside the judgment entered in this case; and

"4. The court below erred, therefore, in making the order appealed from setting aside the judgment by default entered in this case."

Most of the cases cited by appellant under the first assignment are distinguishable on the facts, and the answer to so much of the argument as is not thus disposed of may be found in *Successors of Villamil & Co.* v. *Merced et al.,* 25 P. R. R. 219.

The theory of the second assignment is that the motion should have been presented during the same term at which the default was entered or else should have shown why it was not made before the expiration of such term. It seems that the term in question expired on the last of November and that the motion was filed on December 15. But from

the statement by the trial judge, *supra*, it appears that the court was without a judge until December 21, and, in view of this fact and the other circumstances disclosed by the defendant and enumerated above, we are not disposed to disturb the conclusion reached below because of a technical defect, if it be a defect, consisting in the omission expressly to justify the delay with specific reference to the preceding term of court.

As to the third and fourth assignments, it will suffice to say that we find no such abuse of the broad discretion exercised by the district courts in matters of this kind as to warrant a reversal.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.